# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JESSIE JAMES JONES, JR,[1]<br><br>    Petitioner,<br><br>vs.<br><br>PATTI WACHTENDORF and STATE OF IOWA,<br><br>    Respondents. | No. C18-2087-LTS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.  INTRODUCTION

This matter is before me on petitioner Jessie Jones' pro se application for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), pro se motion to appoint counsel (Doc. No. 2) and pro se motion to proceed in forma pauperis (Doc. No. 3). Jones mailed his habeas petition to the Southern District of Iowa on July 24, 2018. Doc. No. 1. On November 8, 2018, the Southern District of Iowa transferred Jones' petition to this court. Doc. No. 5.

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner did not pay the $5.00 filing fee but filed a motion to proceed in forma pauperis.[2] Doc. No. 3. For the court to authorize the commencement of an action

---

[1] To avoid confusion, it should be noted that Jessie James Jones, Sr., also has a history before this court. *See* C12-3040-MWB. Additionally, the Iowa State Courts alternately refer to petitioner as "Jesse" and "Jessie" Jones. *See State v. Jones*, 2002 WL 31757016, at *3 (Iowa Ct. App. Dec. 11, 2002) (unpublished) (Jesse Jones) and *State v. Jones*, 01071 FECR 090630 (Black Hawk County, Iowa, 2001) (Jessie Jones).

[2] The § 2554 fee is a $5.00 statutory fee set out in 28 U.S.C. § 1914(a).

without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2); *see also* Rules Governing § 2254 Cases, Rule 3(a)(2) (making the affidavit requirement of 28 U.S.C. § 1915 applicable to prisoners proceeding in § 2254 cases).[3]

Petitioner filed a motion to proceed in forma pauperis that complies with the requirements set out above. However, based on his filings, petitioner has the capability to pay an initial partial filing fee in excess of $5.00. *See* Doc. No. 3 at 3. Accordingly, petitioner's motion to proceed in forma pauperis is **denied**. Petitioner will be given forty-five days from the date of this order to pay the $5.00 filing fee.

### III. INITIAL REVIEW

*A.     Applicable Standards*

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of an application for a writ of habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application for a writ of habeas corpus without ordering a response if it plainly appears from the face of such application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

---

[3] However, the remaining portions of the Prison Litigation Reform Act are not applicable to habeas proceedings. *See Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001), citing *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997); *see also Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir. 1997) and *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000).

Three primary issues often bar petitions brought pursuant to 28 U.S.C. § 2254. First, that statute requires a petitioner to exhaust his or her claims in the state court system. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011). Second, without leave of the Eighth Circuit of Appeals, petitioners are barred from filing a second or successive habeas petition. 28 U.S.C. § 2244(a)(3)(A). Third, applications for habeas corpus relief are subject to a one-year statute of limitation as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period [. . .] begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). *See* 28 U.S.C. § 2244(d)(1)(A) (specifying that the 1-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (stating that the 90 days is not applicable and the one-year statute of limitation under 28 U.S.C. § 2254 runs from the date procedendo issued if the petitioner's direct appeal does not contain a claim that is reviewable by the Supreme Court); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).

Due to the one-year statute of limitation under 28 U.S.C. § 2244, the petitioner's application for a writ of habeas corpus is timely only if the period was "tolled" for all but a period of less than one year between when the grace-period started, and the date that the petitioner filed the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). Post-conviction relief actions filed before or during the limitation period

for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" post-conviction relief action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, provided that the filing of the notice of appeal is timely under state law"); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of postconviction relief).

### B. *Analysis*

Jones was charged in Black Hawk County, Iowa, with murder on February 2, 2000. *State v. Jones*, 01071 FECR 090630 (Black Hawk County, Iowa, 2001). A jury convicted him in 2001. *Id*. Jones filed a timely appeal, and the appeal was denied by the Iowa Court of Appeals on December 11, 2002. *State v. Jones*, 2002 WL 31757016, at *3 (Iowa Ct. App. 2002) (unpublished). Jones sought further review with the Iowa Supreme Court, and the Iowa Supreme Court denied the application on March 14, 2003. Procedendo entered five days later. There is no indication Jones filed a petition for certiorari to the United States Supreme Court. Therefore, based on those dates, Jones' judgment became final, and the one-year limitation period began to run ninety days later, on approximately June 13, 2003.

Jones filed a petition for post-conviction relief on September 15, 2003. *Jones v. State*, 01071 PCCV 091913 (Black Hawk County, Iowa, 2019). As unbelievable as it seems, a review of Iowa Courts Online shows that Jones post-conviction relief petition

4

actually remains pending before the Iowa District Court for Black Hawk County, almost sixteen years later,[4] with a trial date set for October 23, 2019.[5]

Based on the forgoing, Jones motion is timely, but he has not yet exhausted his state court remedies. However, because of the extremely unusual timeline in this case, I will reserve ruling on the exhaustion issue and find it appropriate to consider Jones' motion to appoint counsel.

### IV. MOTION TO APPOINT COUNSEL

Except in capital cases, "'there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court.' *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)." *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000).

> District courts may appoint indigent habeas petitioners counsel in the interests of justice. 18 U.S.C. § 3006A(a)(2)(b); *see* 28 U.S.C. § 2254(h). In exercising its discretion to appoint counsel, however, the district court "should first determine whether … [the] petitioner has presented a nonfrivolous claim," *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994), and then "should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors," *see Hoggard*, 29 F.3d at 471.

*Martin v. Fayram*, 849 F.3d 691, 699 (8th Cir. 2017). Based on the foregoing, I find the interest of justice weighs in favor of appointing of Jones counsel. Accordingly, his motion to appoint counsel is **granted**. The clerk's office is directed to appoint Jones counsel.

---

[4] On at least one occasion Jones appears to have sought interlocutory review of the extraordinary delay in his case, but that appeal was denied by the Iowa Supreme Court. *See Jones v. State*, Iowa Supreme Court Case No. 16-1554 (2017). It also appears Jones filed a writ of mandamus in 2013, which was also denied. *See Jones v. State*, Iowa Supreme Court Case No. 13-0634 (2013).

[5] The trial date has been reset more than a dozen times over the last sixteen years.

Jones will have sixty days from the date of this order to file an amended 28 U.S.C. § 2254 petition. At that time, Jones will also brief the issue of whether his petition is properly before the court, and whether any equitable principals exist that would overcome his seeming failure to exhaust his state court remedies. The respondent will then be given thirty days to file an answer and a responsive pleading.

## V. CONCLUSION

For the reasons set out above:

1. Jones' motion to proceed in forma pauperis (Doc. No. 3) is **denied**. Jones will be given forty-five days from the date of this order to pay the $5.00 filing fee. If Jones fails to pay the $5.00 filing fee, this case will be dismissed.
2. Jones' motion to appoint counsel (Doc. No. 2) is **granted**. The clerk's office is directed to appoint Jones counsel.
3. The clerk's office is directed to send a copy of the petition, along with a copy of this order, to the respondents, care of the Iowa Attorney General's Office.
4. Respondents shall file the relevant state court record within thirty days of the date of this order.
5. Jones is directed to file an amended 28 U.S.C. § 2254 petition, along with a brief regarding the exhaustion issue, within sixty days of the date of this order.
6. Respondents shall file their answer, along with any responsive briefing, within thirty days of the date Jones files his amended petition.

**IT IS SO ORDERED.**

**DATED** this 4th day of September, 2019.

                                                  _____
                                                  Leonard T. Strand, Chief Judge